UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                              Case Number: 16-13848-7

PAUL L. CLEMENTS and
TINA M. CLEMENTS,

           Debtors.

---

C. BRATE BRYANT, ELIZABETH A.
BRYANT LIVING TRUST, and
C. BRATE BRYANT 1990 REVOCABLE
TRUST,

           Plaintiffs,
    v.                                                        Adversary Number: 17-12

PAUL L. CLEMENTS and
TINA M. CLEMENTS,

           Defendants.

---

## **MEMORANDUM DECISION**

This decision addresses the question of whether the debt of the Debtors/Defendants, Paul L. Clements and Tina M. Clements ("Defendants"), for money obtained in violation of state securities laws from the Plaintiffs, C. Brate Bryant, Elizabeth A. Bryant Living Trust, and C. Brate Bryant 1990 Revocable Trust (collectively "Plaintiffs"), is nondischargeable. The adversary complaint alleges that the Defendants' obligation to repay the funds is not subject to discharge for various reasons, including the Defendants' fraud, misrepresentation, use of a false financial statement, willful and malicious injury, and securities violations. While the complaint asserts claims under 11

U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), and (a)19), the motion before the Court is functionally for partial summary judgment. It is limited to the issue of whether the obligation is subject to discharge pursuant to section 523(a)(19) based on the Defendants' purchase of a security in violation of Wis. Stats. §§ 551.301 and 551.509, Wisconsin's state securities laws.

What distinguishes this case is that the Plaintiffs asserted claims in a pre-bankruptcy lawsuit that may be nondischargeable under 11 U.S.C. § 523(a)(19). Judgments were entered in that state court action determining there was a violation of Wis. Stats. §§ 551.301 and 551.509.

## RELEVANT BACKGROUND

The Plaintiffs filed an action in state court against the Defendants on May 13, 2009. The Defendants participated in that action. That participation included filing a document that was construed by the court as an answer, in addition to appearances at hearings, requests for adjournments, and examinations of one or more witnesses.[1] Judgment on the pleadings as to the claim for sale of unregistered securities pursuant to Wis. Stat. § 802.06(3) was granted to the Plaintiffs by the state court on December 28, 2009. The state

---

[1] The answer to this adversary proceeding filed by the Defendants contains numerous statements that they "lack knowledge and information sufficient to form a belief" as to the truth of various factual allegations. These assertions of lack of information are, in many instances, belied by both the docket in the state court proceeding and the acknowledgement of various of those facts in the brief in opposition to partial summary judgment. By way of illustration and not limitation, the complaint identifies four separate adversary proceedings filed in this Court against one or both debtors. Those actions were filed and the Debtors appeared and answered the complaints. There were judgments entered against the Defendants in those cases. The Defendants also asserted a lack of information regarding their own motion to reopen a prior case in order to amend Schedule F to add creditors omitted from the original schedules.

2

court judgment against the Defendants was entered on June 3, 2010, on the cause of action for sale of unregistered securities. The judgment was in the amount of $974,104.46 including costs and fees.

On December 10, 2010, a further judgment was entered in the same amount granting judgment based on three additional claims or causes of action. The sums awarded in that judgment were the same damages granted in the initial judgment but were determined to include additional interest from June 3, 2010. The order for judgment dated December 4, 2010 denied punitive damages.

The Defendants concede there is a state court judgment against them that is based on a determination there was a violation of Wisconsin state securities laws. Nonetheless, they argue the claims "were never actually litigated." Despite having appeared at hearings and filing what was construed as an answer, the Defendants claim there was "no adjudication on the merits" since they did not defend or oppose the actions, resulting in a default judgment. Further, they argue they were unsophisticated and, without funds to continue defense of the matter, were unaware of the consequences of failing to defend.[2] Finally, the Defendants dispute that the entire amount of the

---

[2] While it appears that most of the action and appearances in state court were by the Defendants without counsel, at some point an attorney did appear on their behalf. The substance of the communications or submissions to the court by that attorney are not in the record.

judgment is attributable to the claims for violation of securities law[3] and they stress that payments from other liable parties were required to be applied to reduce the amount of the judgment.

The Plaintiffs respond that no material issues of fact have been established. They urge this Court to ignore the argument that the amount that is nondischargeable may be less than the original judgment based on payment from other sources. The Plaintiffs contend that assertions based on "information and belief" are insufficient to establish a genuine issue of fact. The judgment provides that the Plaintiffs "shall credit Paul Clements monies received from bankruptcy or the Receiver and provide notice upon receipt to Defendants."

## DISCUSSION

### A.    Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and the order of reference in this District.

A bankruptcy court to whom a case has been referred may enter a final judgment on any "core" proceeding arising under the Bankruptcy Code or arising in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). Whether a debt is nondischargeable in a debtor's bankruptcy case is a "core" proceeding. 28 U.S.C. § 157(b)(2)(I).

---

[3] Affidavit of Paul Clements, ¶ 3, "$50,000 for a surrender of properly-registered annuity, assumed pro-rated interest and attorney fees."

### B. Summary Judgment Standards

Summary judgment is appropriate only if the record, including "affidavits or declarations . . . or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and (c); Fed. R. Bankr. P. 7056. *Carter v. Stanton*, 405 U.S. 669, 671 (1972); *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir. 1972). Not every fact is material, and materiality depends on the applicable substantive law. Thus, if the disputed facts would not affect the outcome of the case, they are not material and do not preclude summary judgment.

The movant has the burden to demonstrate there is no genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Furthermore, the evidence offered by the movant is viewed in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). However, once the motion for summary judgment has been made and properly supported, *Celotex*, 477 U.S. at 324, the party opposing the motion may not rely on the mere allegations and denials contained in its pleadings. Rather, the opposing party must submit countervailing evidence to show that a genuine issue exists for trial. Fed. R. Civ. P. 56(e). No genuine issue for trial exists if the record taken as a whole does not allow a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard. *Grogan v. Garner*, 498 U.S. 279, 290-91 (1991).

### C.    Default Judgment

The Defendants first attack the state court judgment on the merits, claiming that a judgment should not have been entered and the judgment amount is not entirely related to violations of state securities law. In doing so, the Defendants choose not to directly challenge the state court's entry of default judgment against them; rather, they mount a roundabout attack by questioning the sufficiency of the pleadings. Despite these objections, the Defendants concede there was a judgment entered in state court that determined the Defendants violated state securities laws. Thus, the threshold question raised is the "validity of the default judgment." See, e.g., *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002)). By answering the complaint and appearing at various hearings and then failing to defend against it, the Defendants defaulted—a fact they do not dispute. *See, e.g., Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 854-56 (8th Cir.1996) (upholding default judgment against defendants who initially appeared through counsel and then

6

did not participate in the case after their counsel withdrew). By their default, the Defendants relieved the Plaintiffs from having to prove the state court complaint's factual allegations.

Even in default, a defendant is not entirely prohibited from challenging the legal sufficiency of the admitted factual allegations. The judgment must be supported by a sufficient basis in the pleadings. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). A sufficient basis exists here. The complaint alleged several violations of state securities law: sale of unregistered securities, sale of securities by an unlicensed broker or dealer, state securities fraud, and violations of federal securities law. *See* Complaint, Ex. 1 to Dkt. 1 (stating claims related to securities violations in the first and second causes of action). The facts supporting these allegations, deemed true after default, form the basis for a cognizable claim of state and federal securities fraud, specifically that the bonds and annuities were, in fact, securities. *See Reves v. Ernst & Young*, 494 U.S. 56, 65–67 (1990).

The Defendants do not present any evidence refuting these underlying facts. The state court judgments were not appealed. Those judgments are final orders.

Because the Defendants' arguments fail, we need only look at the pleadings and decide whether there were sufficient allegations upon which the state court could determine that Wisconsin securities law was violated. For all the reasons previously discussed, the Plaintiffs complaint meets that standard.

**D.     11 U.S.C. § 523(a)(19)**

The Plaintiffs argue under 11 U.S.C. § 523(a)(19) liability for securities law violations has been determined by a non-bankruptcy tribunal leading to the inescapable conclusion that this Court must declare the debt nondischargeable.

Section 523(a)(19) provides:

"A discharge under section . . . 727 . . . does not discharge an individual debtor from any debt—

(19) that—

(A) is for—

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19) (2017).

The Bankruptcy Code generally allows the debtor a fresh start. Certain debts, however, are exempt from discharge by statute. *See* 11 U.S.C. § 523. If the state court judgment falls within the ambit of section 523(a)(19), the debt is nondischargeable.

Added to the Bankruptcy Code in 2002, section 523(a)(19) renders debts nondischargeable when they arise in connection with a violation of state or federal securities law. Essentially, a debtor cannot discharge his or her debt if two conditions are satisfied: first, the debt stems from a violation of securities laws or a fraud in connection with the purchase or sale of a security, and second, the debt is memorialized in a judicial or administrative order or settlement agreement. 11 U.S.C. § 523(a)(19); *see also Faris v. Jafari (In re Jafari)*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009).

The requirements of the statute are satisfied in this case. The debt stems from a violation of Wisconsin securities laws as set forth—and deemed true—in the state court complaint and judgment as incorporated in the complaint in this adversary. Second, the debt is memorialized in two judgments that confirm violation of securities law, among other grounds, as the basis for the judgments.

Of note in this case is the fact that section 523(a)(19) contains an additional requirement that is absent from other provisions of section 523. Specifically, it requires that a judgment, order, decree, or settlement agreement must memorialize the debt stemming from a securities law violation. By including this additional requirement, Congress sought to close "[t]his loophole

in the law" and "hold accountable those who violate securities laws after a government unit or private suit results in a judgement or settlement against the wrongdoer." S. Rep. No. 107–146, 107th Cong., 2nd Sess. 2002, 2002 WL 863249, at *10, *16 (2002). This holding provides that if there is a judgment confirming there was a violation of securities law, that judgment is enforceable without the need to relitigate the issue. The holding is supported by well-reasoned authority from other federal courts. *See, e.g., Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560, 578-79 (Bankr. D.S.C. 2011) (finding a default judgment issued in connection with violations of the South Carolina Securities Act is nondischargeable in bankruptcy under section 523(a)(19)); *see also Meyer v. Rigdon*, 36 F.3d 1375, 1382 (7th Cir. 1994) (finding any final judgment, including a default judgment, must be given preclusive effect under section 523(a)(11), which, like section 523(a)(19), requires proof of a final judgment).

The debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(19).

**E.    Amount of Debt**

The final issue is the amount of the nondischargeable debt. The starting point is the amount of the state court judgment. It was in the amount of $974,104.46. Post-judgment interest accrues at the applicable statutory rate. No evidence sufficient to raise a material dispute of fact regarding the amount has been raised except as noted further below.

The order for judgment entered on December 28, 2009, was for "Sale of Unregistered Securities" on the "First Cause of Action." The order for judgment

and judgment entered on June 3, 2010, unequivocally is based on the "First Cause of Action – Sale of Unregistered Securities." There are no other claims evidenced by that judgment. In December 2010, a further order confirming entitlement to judgment on additional grounds and claims (including further securities violations) was also entered. The ensuing judgment confirmed—but did not duplicate—the amount of damages. Those facts establish the judgment amount represented the amount of the debt for securities law violations.

This leaves the question of the actual amount remaining that is subject to nondischargeability. To the extent the Plaintiffs received any funds from a receiver or otherwise in connection with the damages represented by the judgment, the Plaintiffs were obligated and required to do two things. First, to "provide notice upon receipt to Defendants." Second, to credit any such monies against the judgment. The Plaintiffs cannot escape these obligations. If any such funds were received, the Plaintiffs must notify the Defendants and must credit the monies against the judgment. It is unnecessary for this Court to determine the amount, if any, of such monies. The Defendants are entitled to a credit and application against the state court judgment of all monies that were or are received from the other sources contemplated in the judgment. The amount that is nondischargeable is the state court judgment amount reduced by such payments, if any.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion for summary judgment is GRANTED.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order and judgment consistent with this decision will be entered.

Dated: July 27, 2017

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge